20-1846-bk(L)
In re: Sears Holdings Corporation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges*,
RONNIE ABRAMS,
*District Judge*.*

------------------------------------------------------------------

IN RE: SEARS HOLDINGS CORPORATION,

*Debtor.*

------------------------------------------------------------------

MOAC MALL HOLDINGS LLC,

------------------------------------------------------------------

* Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

*Appellant-Cross-Appellee,*

v.

TRANSFORM HOLDCO LLC,

*Appellee-Cross-Appellant,*

SEARS HOLDINGS CORPORATION,

*Debtor-Appellee.*

Nos. 20-1846-bk,
20-1953-bk

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT-CROSS-APPELLEE: | ALEXANDER J. BEEBY (Thomas J. Flynn, *on the brief*), Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, MN; David W. Dykhouse, Daniel A. Lowenthal, Patterson Belknap Webb & Tyler LLP, New York, NY |
| FOR APPELLEE-CROSS-APPELLANT: | RICHARD A. CHESLEY (Rachel Ehrlich Albanese, *on the brief*), DLA Piper LLP, New York, NY; Craig Martin, DLA Piper LLP, Wilmington, DE |

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

2

Appellant-Cross-Appellee MOAC Mall Holdings LLC appeals from a judgment of the United States District Court for the Southern District of New York (McMahon, J.), which (1) dismissed as moot under 11 U.S.C. § 363(m) MOAC's appeal from a September 5, 2019 assignment order issued by the United States Bankruptcy Court for the Southern District of New York (Drain, B.J.), and (2) denied MOAC's motion for rehearing.    Appellee-Cross-Appellant Transform Holdco LLC conditionally appeals the District Court's initial order of February 27, 2020, which reversed the Bankruptcy Court's judgment entered in Transform's favor.    We assume the parties' familiarity with the underlying facts and procedural history, see MOAC Mall Holdings LLC v. Transform Holdco LLC (In re Sears Holdings Corp.), No. 20-1846-bk, 2021 WL 5986997, at *1–2 (2d Cir. Dec. 17, 2021) (summary order), to which we refer only as necessary to explain our decision to vacate and remand.

The Bankruptcy Court authorized the sale of a lease in the Mall of America formerly held by Sears Holding Corporation to Transform.    The Bankruptcy Court then authorized Transform to assign the lease to its wholly-owned subsidiary and denied MOAC's motion for a stay of the assignment.    MOAC

appealed, and the District Court, in its February 27, 2020 opinion, initially sided with MOAC and determined that Transform could not assign the lease. See MOAC Mall Holdings LLC v. Transform Holdco LLC (In re Sears Holdings Corp.), 613 B.R. 51, 79 (S.D.N.Y. 2020). Transform then moved for reconsideration, and the District Court, applying our precedent, held that 11 U.S.C. § 363(m) deprived it of jurisdiction to vacate the Bankruptcy Court's order approving Transform's assignment of its lease. MOAC Mall Holdings LLC v. Transform Holdco LLC (In re Sears Holdings Corp.), 616 B.R. 615, 624–25 (S.D.N.Y. 2020). We affirmed. MOAC, 2021 WL 5986997, at *5.

On April 19, 2023, the Supreme Court issued a decision holding that § 363(m) is not jurisdictional. MOAC Mall Holdings LLC v. Transform Holdco LLC (In re Sears Holdings Corp.), 598 U.S. 288, 304–05 (2023). It accordingly vacated our decision and remanded the case for further proceedings. Id. On remand, we instructed the parties to brief whether we should in turn remand this case to the District Court.

MOAC argues that we should consider the merits of Transform's cross-appeal and, in effect, affirm the District Court's initial order of February 27, 2020.

4

Transform argues that we should dismiss MOAC's appeal as moot. Applying the same plenary review that we applied in our original summary order, see MOAC, 2021 WL 5986997, at *1 (citing D.A.N. Joint Venture v. Cacioli (In re Cacioli), 463 F.3d 229, 234 (2d Cir. 2006)), we agree with MOAC. Transform does not dispute that it waived any argument based on § 363(m).

Because § 363(m) is not jurisdictional and thus can be waived, we proceed to the merits of Transform's cross-appeal. See Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp., 40 F.4th 56, 68 (2d Cir. 2022). On the merits, for the reasons stated in the District Court's February 27, 2020 opinion, Transform has not given "adequate assurance of future performance of [the] lease" as required by 11 U.S.C. § 365(b)(3)(A). See MOAC, 613 B.R. at 74–79. We thus vacate the District Court's judgment and remand the case for further proceedings. The District Court's initial opinion charted a remedial course it might again consider on remand.

Transform nonetheless argues that we must affirm because this case is moot under Article III. That is so, in Transform's view, because there is no remedy available under the Bankruptcy Code that could redress MOAC's injury.

5

Transform also argues that the Bankruptcy Court exercised in rem jurisdiction over Sears' bankruptcy estate and that its jurisdiction was extinguished when Sears sold the lease to Transform and the lease left the estate.

The Supreme Court "disfavor[s] these kinds of mootness arguments." MOAC, 598 U.S. at 295. Transform's arguments in any event relate to remedies, not to our Article III jurisdiction. As it did in the Supreme Court, "MOAC simply seeks 'typical appellate relief: that [we] reverse the District Court and that the District Court undo what it has done.'" Id. at 296 (quoting Chafin v. Chafin, 568 U.S. 165, 173 (2013)). Whether the Bankruptcy Code permits the District Court to do so is a merits question. See Chevron Corp. v. Donziger, 833 F.3d 74, 127 (2d Cir. 2016) ("An argument that claims mootness based on a challenge to 'the legal availability of a certain kind of relief [] confuses mootness with the merits.'" (quoting Chafin, 568 U.S. at 174)). Transform may raise those merits questions with the District Court, subject to the doctrines of waiver, forfeiture, abandonment, and estoppel.

Nor would we be persuaded that the case is moot under Article III even if we agreed with Transform's argument concerning the Bankruptcy Court's in rem

6

jurisdiction. As the Supreme Court explained, we cannot view a bankruptcy court's jurisdiction as "purely in rem." MOAC, 598 U.S. at 303 n.8. Rather, under the Bankruptcy Code, "courts can touch – and affect the validity of – certain sales or leases . . . even though the property concerned has left the estate." Id. at 302–03. Thus, the previously authorized sale of the lease to Transform does not strip us of jurisdiction under Article III.

For the foregoing reasons, the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
